OPINION
{¶ 1} Defendant-appellant Russell James appeals from the September 5, 2002, Judgment Entry of the Ashland Municipal Court granting judgment in favor of plaintiff-appellee Diana Hoover and against defendant-appellant.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 2, 2002, appellee filed a complaint for trespass, conversion and destruction of personal property against appellant in the Ashland Municipal Court. Appellee, in her complaint, alleged that appellant had, on or about September 1, 2001, torn down a fence on appellee's property without her permission to do so. Appellee further alleged that appellant's actions "constituted a destruction and conversion" of her property and that appellant, in tearing down the fence, had trespassed on appellee's property. Appellee, in her complaint, sought $15,000.00 in compensatory damages, $7,500.00 in punitive damages and reasonable attorney's fees and court costs.
 {¶ 3} Thereafter, appellant filed an answer to appellee's complaint on April 16, 2002. Appellant, in his answer, alleged in his second affirmative defense that appellee's claims were barred by the statute of limitations.
 {¶ 4} A trial to the court commenced on July 11, 2002. Following the trial, both parties, at the request of the trial court, filed Proposed Findings of Fact and Conclusions of Law. Appellee, in her Proposed Findings of Fact and Conclusions of Law, stated that "[i]n the early summer of 2000, the defendant did, by use of his tractor and by trespassing upon plaintiff's said real estate intentionally and despite plaintiff's many refusals, tear out and remove the entire fence and fence posts belonging to the plaintiff, " In addition, in her Post Trial Brief, appellee stated, in part, as follows:
 {¶ 5} "It seemed clear that defendant was not at all sure when he tore down the fence, but was `trying' to fit his memory to the two (2) year statute.
 {¶ 6} "Again, defendant has the burden on this affirmative defense. The plaintiff testified clearly that it was early summer — not March/April, 2000."
 {¶ 7} Subsequently, the trial court, on August 13, 2002, issued its own Findings of Fact and Conclusions of Law. The trial court, in the same, indicated that it was treating Appellee's Post Trial Brief as a Proposed Findings of Fact and Conclusions of Law. The trial court further stated as follows:
 {¶ 8} "Upon consideration, the Court finds for the Plaintiff and awards damages as follows:
 {¶ 9} "(A) $2,820.00 for restoration of fence.
 {¶ 10} "(B) $500.00 as punitive damages
 {¶ 11} "(C) $1,500.00 for attorney fees
 {¶ 12} "The above finding is based upon the Court's determination that, with the exception of the damage amounts for punitive damages and attorney fees, its factual determination and legal conclusions are in conformity with those set forth in Plaintiff's Proposed Findings of Fact and Conclusions of Law, as well as Plaintiff's Trial Memorandum.
 {¶ 13} "With that exception, the Court adopts Plaintiff's Findings of Fact and Conclusions of Law as the Court's Findings of Fact and Conclusions of Law and incorporates the same into this opinion as if fully rewritten herein."
 {¶ 14} A Judgment Entry incorporating the trial court's August 13, 2002, Findings of Fact and Conclusions of Law and granting appellee judgment against appellant was filed on September 5, 2002.
 {¶ 15} It is from the trial court's September 5, 2002, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 16} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING THE PLAINTIFF-APPELLEE JUDGMENT ALTHOUGH THE CLAIM WAS NOT BROUGHT WITHIN THE APPLICALBE STATUTE OF LIMITATIONS."
 I {¶ 17} Appellant, in his sole assignment of error, argues that the trial court erred in granting appellee judgment against appellant "although the claim was not brought within the applicable statute of limitations." In essence, appellant argues that the trial court's decision that appellee's complaint was not filed within the two year statute of limitations contained in R.C. 2305.10 for damage to personal property was against the manifest weight of the evidence.
 {¶ 18} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA 5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 {¶ 19} At the trial in this matter, appellee testified that appellant tore down the fence in 2000. When asked during direct examination when in 2000 "the fence no longer existed", appellee responded as follows: "It was in the summertime." Transcript at 21. On cross-examination, appellee testified that she did not know the exact date that the fence was torn down, but that it "was a very warm day." Transcript at 36.
 {¶ 20} In turn, the following testimony was adduced when appellant was asked, when questioned on direct examination, when he took the fence down:
 {¶ 21} "I — I — I — it was — I — — I — the first of 2000 or last of '99 `cause, uh, when we first moved down there, uh, I was cleaning the place up `cause it was all growed up, uh, when we put the new house in.
 {¶ 22} "Q. And, uh, do you know if it was in the spring or in the summer of 2000?
 {¶ 23} "A. I think it was just, uh, turning — just turned spring `cause I got the house, uh, `cause the house was done, uh, in December and we didn't get to move down there till about January and — and just when it started warming up I started cleaning up around there, uh." Transcript at 75-76. However, on cross-examination, appellant testified as follows:
 {¶ 24} "Q. Yeah. Uh, you indicated that, uh, uh, my notes are that this, uh, you tore the fence down, uh, sometime in the summer, toward spring, is that an accurate — —
 {¶ 25} "A. Right.
 {¶ 26} "Q. — uh — —
 {¶ 27} "A. Yeah.
 {¶ 28} "Q. — your testimony?"
 {¶ 29} "A. Uh-huh.
 {¶ 30} "Q. During the summer toward spring — —
 {¶ 31} "A. Right.
 {¶ 32} "Q. — of the year 2000?
 {¶ 33} "A. I don't think it was in 2000, I think it was in '99.
 {¶ 34} "Q. Well, you said 2000, are you changing your testimony?
 {¶ 35} "A. Around — between '99 and 2000, I — I don't — —
 {¶ 36} "Q. And — your testimony was, uh, summer towardspring?
 {¶ 37} "A. Yeah.
 {¶ 38} "Q. In the year 2000?
 {¶ 39} "A. Yeah.
 {¶ 40} "Q. Was that your testimony, yes or no?
 {¶ 41} "A. Yeah." Transcript at 82-83. (Emphasis added.)
 {¶ 42} Upon our review of the record, we find that there was competent, credible evidence supporting the trial court's conclusion that appellee's complaint, which was filed on April 2, 2002, had been filed within the two year statute of limitations. As is stated above, appellee testified that the fence was torn down during the summer of 2000. Appellee himself testified on cross-examination that the fence was torn down in 2000 during the "summer toward spring."
 {¶ 43} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 44} Accordingly, the judgment of the Ashland Municipal Court is affirmed.
By: Edwards, J., Hoffman, P.J., and Farmer, J. concur.